**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| PRINCE RO'DJRELL YAMOBI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 2:11-cv-0001-WTL-TAB |
| | ) | |
| STATE OF INDIANA DEPARTMENT OF CORRECTION, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**Entry and Order Directing Dismissal of Action**

**I.**

The plaintiff's request to proceed *in forma pauperis* (dkt 2) is **granted.** The assessment of even an initial partial filing fee is not feasible at this time.

**II.**

Plaintiff Prince Ro'djrell Yamobi filed this civil action on January 3, 2011, based on events which occurred between December of 2007, and August 3, 2007. In December of 2007, Yamobi alleges that defendant Gary Brennan ordered Yamobi's transfer from Westville Correctional Facility ("WCU") to the Pendleton Correctional Facility ("PCF"). Upon his arrival at PCF, Yamobi spoke with Bruce Helming who allegedly disregarded information in the plaintiff's confidential packet and placed Yamboi in a housing unit where he was stabbed 22 times more than a year later, on August 3, 2008.

**III.**

Yamobi's complaint is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). As an agency of the State of Indiana, the Department of Correction ("DOC") is not a "person" subject to suit pursuant to § 1983. Additionally, the DOC (as the alter-ego of the State of Indiana) cannot be sued in federal court under the circumstances alleged in the complaint because of Indiana's Eleventh Amendment immunity. *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003); *Billman v. Indiana Dept. of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995). The claim is no more viable as to the individual defendants because the entire action was filed several

months after the expiration of Indiana's 2-year statute of limitations, with Yamobi's claims having accrued in August of 2008. *See Myles v. United States,* 416 F.3d 551 (7th Cir. 2005).

Any tort claim based on the DOC's negligence in failing to protect the plaintiff from harm is also dismissed as untimely. The Indiana Tort Claims Act provides that "a claim against the state is barred unless notice is filed with the attorney general or the state agency involved within two hundred seventy (270) days after the loss occurs." IND. CODE § 34-13-3-6. And in Indiana, tort causes of action "begin[ ] to run when the plaintiff knew, or in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another. It is not necessary that the extent of the damage be known or even ascertainable, but only that some ascertainable damage has occurred." *Keep v. Noble County Dep't. of Pub. Welfare*, 696 N.E.2d 422, 425 (Ind.Ct.App. 1998) (internal citations and quotations omitted). In addition, a person may not initiate a suit against a governmental entity unless the person's claim has been denied in whole or in part. IND. CODE § 34-13-3-13. Yamobi states that this action is his first filing on the issues raised and that his "tort claim wasn't heard by Att. for the State of Indiana." Yamobi's admitted failure to file a timely notice of tort claim bars such a claim in this action.

"It is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6). . . . However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [him]self out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006)(internal citations omitted).

### IV.

Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994); *see also Woodard v. Jackson,* 2004 WL 771244, at *8 (S.D. Ind. 2004). For the reasons explained above, that is the case here. Accordingly, this action must be dismissed pursuant to § 1915A(b), and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/14/2011

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana